UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                           Case No.: 8:19-cr-379-WFJ-TGW

RUBEN DARIO BURGOS-
CONFORME
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Ruben Dario Burgos-Conforme, USM#: 72539-018, moves (Dkt. 72) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On June 30, 2020, Ruben Dario Burgos-Conforme was sentenced under 46 U.S.C. §§ 70503(a), 70506(a)(b), and 21 U.S.C. § 960(b)(1)(B)(ii) to 97 months. Ruben Dario Burgos-Conforme's total offense level was 31. He was assessed no criminal history points, and his criminal history was category I. Mr. Burgos-Conforme's advisory sentencing range was 108-135 months, and he received a variance and sentence below the bottom of the advisory range. The Bureau of Prisons reports that his projected release is July 6, 2025.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States

Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Ruben Dario Burgos-Conforme is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 29 and reduces his advisory sentencing range to 87-108.  The Federal Defender appears, confirms Ruben Dario Burgos-Conforme's eligibility for a reduction, and moves unopposed to reduce his sentence to 87 months (a 10-month reduction in sentence).

   The Court exercises its discretion to deny such a reduction.  The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a) and finds that the factors militate against a reduction.  This was a very large (492 kilos cocaine) maritime, transnational smuggling venture.  It may also have touched upon public corruption.  *See* Dkt. 52 at 6 ¶ 14.  The Defendant already received a downward variance from the guidelines.  *See* Dkt. 61.  The present sentence is condign and necessary to reflect the seriousness of the offense behavior and to avoid unwarranted sentencing disparities.

   Mr. Ruben Dario Burgos-Conforme's motion (Dkt. 72) for a reduction is sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on October 22, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

4